# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Vermont Unit                                       Docket No. 181-12-13 Vtec

| Buchwald Home Occ. Cond. Use Permit |
|---|

## ENTRY REGARDING MOTION

Title:        Motion for Reconsideration (Motion 7)
Filer:        Barbara Headrick
Attorney:     Pro Se
Filed Date:   April 8, 2014

No response filed

**The motion is DENIED.**

Ms. Barbara Headrick appeals a 2013 City of Burlington Development Review Board approval allowing Mr. Adam Buchwald to expand his home occupation from one-half of his garage to the entire garage. In an April 1, 2014 decision, this Court dismissed certain of Ms. Headrick's questions for failure to state a claim upon which relief could be granted because they were outside the scope of the permit appeal before the Court. Ms. Headrick now moves for the Court to reconsider our dismissal of four of the questions in her Amended Statement of Questions.

We consider motions to reconsider a pre-trial order under Vermont Rules of Civil Procedure Rule 54(b). In re Bennington Wal-Mart Demolition/Constr. Permit, No. 158-10-11 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Aug. 17, 2012) (Walsh, J.). V.R.C.P. 54(b) provides that, absent a final judgment, "any order or other form of decision" adjudicating fewer than all of the claims or fewer than all the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." We note that neither the Vermont Rules for Environmental Court Proceedings nor the Vermont Rules of Civil Procedure require us to consider a motion to reconsider an interlocutory order that does not conclude a case. Bennington Wal-Mart, No. 158-10-11 Vtec, slip op. at 3.

In addressing a motion to reconsider under Rule 54(b), we apply the legal standard applicable to ruling on a Rule 59(e) motion to alter or amend a final judgment. Id. at 4. It is within the Court's discretion to grant such a motion, and we have identified four principal reasons for doing so: (1) to correct manifest errors of law or fact; (2) to allow a party to provide "newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in the controlling law." In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10–11 (Vt. Super. Ct. Envtl. Div.

Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1). We view alteration or amendment of a prior decision of this Court as an "extraordinary remedy." Bennington Wal-Mart, No. 158-10-11 Vtec, slip op. at 4.

Ms. Headrick first asks that we reconsider our denial of her Question 22, which relates to noise caused by Mr. Buchwald's permitted use in the south half of his garage. She points to no change in law or fact and so we consider only whether there was a manifest error by the Court or whether dismissal of this question creates an injustice.

We find no error in our April 1, 2014 decision. The question as posed by Ms. Headrick asks whether noise from Mr. Buchwald's operation in the south half of his garage, which is permitted by his unappealed and final 2012 permit, can be grounds for denial of his application to expand. Question 22 asks only whether Mr. Buchwald's legal activities can be grounds for denying his application. This collateral attack on the 2012 permit is outside the scope of the Court's review. See 10 V.S.A. § 4472.

Question 23 asks about other home occupations in the City, specifically the extent to which other home occupations involve customer visits. Although Mr. Buchwald proposes, as part of his expansion, to have one customer at a time visit his home occupation by appointment only, whether this proposed use complies with the zoning regulations does not depend on how other home occupations operate. The only issue before the Court is whether Mr. Buchwald's home occupation expansion application should be granted. Ms. Headrick has raised this question directly in other questions in her Amended Statement of Questions. There is no relief the Court could grant Ms. Headrick based on any findings about other home occupations. We therefore find no error or injustice in dismissal of this question.

Question 24 asks whether either a retail or micro-factory store is a "customary and necessary" use of a garage within the neighborhood where both properties are located. To the extent Question 24 asks the Court how others use their garages, it is not relevant to determining whether Mr. Buchwald's expansion conforms to the City's Zoning Ordinance. The question of whether Mr. Buchwald's proposed expansion meets the requirements of the Ordinance for an accessory use, a conditional use, and/or a home occupation is raised in other questions in Ms. Headrick's Statement of Questions. Therefore there was no error, nor any injustice, caused by the Court's dismissal of Question 24.

Question 25 asks whether Mr. Buchwald's expansion application should be denied if there are no other home occupations in the neighborhood that manufacture and sell similar products. For the same reasons, even if the Court made determinations about how other home occupations in the City operate, there is no relief we could grant Ms. Headrick in answering this question as the only issue before the Court is whether Mr. Buchwald's home occupation expansion complies with the Ordinance. We will make that determination based on the relevant Ordinance provisions and the description of Mr. Buchwald's expansion. We therefore find no error in our dismissal of this question.

For the reasons stated above, Ms. Headrick's motion to alter or amend the Court's April 1, 2014 decision dismissing Questions 22–25 of her Amended Statement of Questions is **DENIED**.

Electronically signed on April 15, 2014 at 03:32 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Appellant Barbara Headrick
Kimberlee J. Sturtevant (ERN 4778), Attorney for Appellee City of Burlington
Appellee Adam Buchwald